# SOUTH PORTO RICO SUGAR COMPANY OF PORTO RICO, Complainant,

*v.*

## JOSÉ E. BENEDICTO as Treasurer of Porto Rico, Abelardo Gonzalez Font as Assistant Treasurer of Porto Rico, and America Rossy as Postmistress at Ensenada, Porto Rico, Dfts.

---

San Juan, Equity, No. 1106.

CONSTITUTIONAL LAW.

Postoffice—Same in Porto Rico as Elsewhere.

    1. All postoffices in Porto Rico are subject to the same control as Postoffices in the 48 states of the Union.

Postoffice—Postmaster—Cannot Open Package.

    2. No postmaster in Porto Rico has authority to open any package of merchandise reaching Porto Rico from a point in any of the 48 states of the Union, except with the consent of the person to whom such package is addressed.

Postoffice—Postmaster and All Others Enjoined.

    3. If a postmaster in Porto Rico assists in opening such package of merchandise, because requested by the Treasurer of Porto Rico,

South Porto Rico Sugar Co. v. Benedicto.

it is the duty of this court to enter an injunction against the postmaster, against the Treasurer of Porto Rico, and against any of his assistants.

Postoffice—Importations from Abroad.

4. With regard to the allegation in the bill that the complainant has imported or is importing merchandise to a small extent from foreign countries, through the mails, the decision of this court is reversed.

Opinion filed November 18, 1921.

---

*Mr. O. B. Frazer* for complainant.

*Attorney General of Porto Rico* for defendants.

ODLIN, Judge, delivered the following opinion:

In this case the application for a temporary injunction has been argued by counsel for the complainant and also by counsel for the various defendants, both orally and by brief. The court is of the opinion that the relief prayed for by the complainant in its bill should be granted in part but not in its entirety. It is clear to the court that no postmaster in the Island of Porto Rico has authority to open any package of merchandise coming to Porto Rico from any point in the United States, except with the consent of the person to whom such package is addressed, and therefore the prayer of the bill for an injunction against the postmistress at Ensenada is hereby granted, to that extent.

In regard to the prayer in the said bill that this court enjoin the Treasurer of Porto Rico and the Assistant Treasurer of Porto Rico, and that all persons acting under their authority be

enjoined and restrained from enforcing or attempting to enforce against the complainant herein the provisions of the act of the legislature of Porto Rico approved June 15, 1919, as amended by the later act of the legislature of Porto Rico approved July 1, 1921, the court is of the opinion that such injunction should be granted with respect to all articles brought by the complainant to the Island of Porto Rico from any point in the United States as long as the original package or packages in which such articles are shipped remain unbroken. As to the remaining prayer of the complaint in its said bill, this court declined to issue an injunction. With respect to packages coming to the Island of Porto Rico for the said complainant from any point in the United States, each and all of the defendants and their servants, employees, and agents are enjoined and restrained hereby from enforcing or attempting to enforce against the said complainant any of the provisions of the said statute hereinbefore mentioned as amended, as long as the articles so brought to Porto Rico remain in their original package or packages; likewise the defendants, each and all of them, and all persons under their authority, are hereby enjoined until the further order of this court from collecting or attempting to collect from the complainant any tax of any kind on any of such articles as long as such articles remain in their original package or packages, and likewise from causing any embargo or attachment to issue as against such original packages, and they are also enjoined from withholding or in any manner whatsoever interfering with the property or business of the said complainant under the pretext of collecting or attempting to collect from the complainant any tax on any of the said articles, as long as the same remain in the original package or packages.

South Porto Rico Sugar Co. v. Benedicto.

It is further affirmatively ordered that the said Treasurer of Porto Rico and his assistant shall at once release and discharge any embargo and attachment which may have been hitherto placed upon any of said original packages, either by them directly or through any agent or employee of theirs.

This injunction, however, shall not be in force unless the complainant shall give a bond in favor of the Treasurer of Porto Rico in favor of José E. Benedicto in his official capacity as Treasurer of the Island of Porto Rico, in the sum of $4,000, to be approved by this court.

With regard to the allegation in the bill in paragraph 14 that the complainant has imported or is importing merchandise to a small extent from foreign countries, the court is not prepared at this time to pass upon that question and reserves the decision thereon until a later date.

It is so ordered.